IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Cedrick Cunningham,<br><br>Defendant. | Cr. No. 3:19-180-CMC<br><br>Order |

This matter is before the court on Defendant's *pro se* motion requesting appointment of counsel for assistance in filing a motion under *United States v. Jackson*, No. 22-4179 (4th Cir. April 14, 2023), and for compassionate release. ECF No. 79. In his motion, Defendant seeks the appointment of his previous federal public defender to help him prepare a motion for compassionate release based on family circumstances and to assist with an argument under *Jackson*.

Defendant has no constitutional right to counsel beyond the direct appeal of his criminal case. *See Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987); *Crowe v. United States*, 175 F.2d 799 (4th Cir. 1949). Though in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings, *see Gagnon v. Scarpelli*, 411 U.S. 778, 788, (1973), a motion for reduction of sentence does not fit into this category. "A motion pursuant to § 3582(c) is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution." *United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). The Fourth Circuit has affirmed denial of appointed counsel in a compassionate release case, citing *Legree*. *United States v. Galloway*, 790 F. App'x 519 (4th Cir. 2020) (unpublished).

Further, a motion for compassionate release is not one that requires particular legal experience or knowledge of case law.

Under § 3582(c)(1)(A), Defendant must first file a request with his Warden to file a motion for compassionate release on his behalf. After expiration of 30 days from such a request, or denial of the request, Defendant may file his own motion with the court outlining his grounds for compassionate release; in fact, many defendants have filed such motions in this court.[1]

Additionally, it does not appear Defendant would benefit from the ruling in *Jackson*. That case concerned inchoate offenses – attempts. It also dealt with the guideline definition of controlled substance in U.S.S.G. § 4B1.2(b). Finally, it is an unpublished decision, and therefore not binding on this court. Defendant's convictions qualifying him for armed career criminal status under 18 U.S.C. § 924(e) – not U.S.S.G. § 4B1.2(b) – were not attempts, but were substantive distribution offenses. Therefore, Defendant's motion for appointment of counsel (ECF No. 79) is denied.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 22, 2023

[1] To the extent this motion can be construed as one for compassionate release, it is denied without prejudice to filing a more fulsome motion after exhausting administrative remedies.